UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61197-CIV-ROSENBAUM

JOHN EVANS,

    Plaintiff,

vs.

JUMBO SEAFOOD WHOLESALE, INC.,
and KONG WANG,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff's Motion for Default Judgment [ECF No. 31]. The Court has carefully considered the Motion, the entire case file, including Plaintiff's Amended Complaint [ECF No. 15], the entry of Clerk's Default against Defendant Jumbo Seafood Wholesale, Inc. ("Jumbo Seafood") [ECF No. 28], and the failure of Defendant to respond to the Motion for Default Judgment, despite having been served with the motion [ECF No. 41], and is otherwise fully advised in the premises.

### I. Procedural Background

In the pending Motion [ECF No. 31], Plaintiff seeks the entry of default final judgment against Defendant Jumbo Seafood in an action to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. On November 25, 2013, the Court issued an Order directing counsel for Plaintiff to serve a copy of the Order and the Motion for Default Judgment on Defendant so that it could respond to the motion if it wished to do so. ECF No. 32. The Court

provided Defendant with ten days from the date of service to respond to the Motion for Default Judgment and directed Plaintiff to file a notice with the Court certifying the date upon which such service had been accomplished. *Id.* The Order also specifically warned that Defendant's "failure to timely respond may result in the granting of Plaintiff's Motion and the immediate entry of a default judgment." *Id.* Plaintiff certified that he served Defendant with the Motion for Default Judgment on January 8, 2014. ECF No. 41. To date, however, Defendant has not responded to the Motion for Default Judgment, nor has Defendant responded to the Amended Complaint.

## II. Legal Standard

Under Rule 55, Fed.R.Civ.P., if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. Fed. R. Civ. P. 55(b).

By defaulting, a defendant is taken to admit the well-pled allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment. *Nishimatsu*, 515 F.2d at 1206.

## III. Discussion

### A. FLSA Liability

The FLSA mandates that certain employees be paid overtime wages by their employers. 29 U.S.C. §§ 206-207. In particular, the FLSA requires that an employer compensate employees for

hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(1). If an employer fails to pay the required wages, the FLSA creates a private right of action for the employee to claim the withheld pay and an equal amount in liquidated damages. *Id.* § 216(b). To establish a prima facie case for failure to pay overtime compensation under the FLSA, an employee must demonstrate all of the following: (1) an employment relationship existed between the plaintiff and the defendant, (2) the employer engaged in interstate commerce, and (3) the employee worked over forty hours per week but was not paid overtime wages. *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 841 F. Supp. 2d 1274, 1277 (S.D. Fla. 2012). To established the second element, a plaintiff must identify his work and "provide only straightforward allegations connecting that work to interstate commerce," as well as at least "bare bones" allegations that gross sales exceed $500,000. *Ceant. v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-20159, 2012 WL 2428536, at *4 (S.D. Fla. June 27, 2012) (citations omitted).

Here, Plaintiff has established the elements of an FLSA overtime-wage claim in his Complaint. Plaintiff alleges that he was employed by Jumbo Seafood from August 6, 2012, through February 28, 2013, to perform several warehouse duties and provide security detail. ECF No. 31-1 at ¶ 4; ECF No. 15 at ¶ 14. In addition, Plaintiff claims that Jumbo Seafood is an enterprise engaged in interstate commerce with annual gross volumes of sales of at least $500,000. ECF No. 15 at ¶ 11. Finally, Plaintiff asserts both actual and liquidated damages for Defendants' underpayment of Plaintiff's labor during his employment. *Id.* at ¶ 29. Because of Jumbo Seafood's default, these facts are deemed admitted, and the Court finds them sufficient to establish Plaintiff's claims under the FLSA.

**B. Damages**

When entering a default judgment on liability, a court must also determine the amount of damages. *See* Fed. R. Civ. P. 55(b). A court need not conduct an evidentiary hearing to determine the amount of damages as long as the record contains evidence allowing the court to ascertain damages from "mathematical calculations" and "detailed affidavits." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985); *Taverna Opa Trademark Corp. v. Ismail*, No. 08-20776, 2010 WL 1838384, at *2 (S.D. Fla. May 6, 2010) (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)); *Turcios v. Delicias Hispanas Corp.*, No. 07-20150, 2009 WL 1393238, at *1 (S.D. Fla. May 14, 2009). Affidavits based on personal knowledge can be sufficient to establish damages. *See Salam Jeans Ltd. v. Fortune Swimwear, LLC*, No. 07-21603, 2010 WL 1331226, at *2 (S.D. Fla. Mar. 3, 2010) (citing *Shandong Airlines Co., Ltd. v. Capt, LLC*, 650 F. Supp. 2d 1202, 1207 (M.D. Fla. 2009)). In the context of an FLSA default judgment, affidavits may be the only means of establishing a plaintiff's damages when a defendant employer has not come forward with time records of its own. *See Niebuhr v. K.F.A. Enters., Inc.*, No. 09-22840, 2010 WL 5439762, at *4-*5 (S.D. Fla. Dec. 28, 2010); *Turcios*, 2009 WL 1393238, at *2-*3; *see also Olson v. Superior Pontiac-GMC, Inc.*, 776 F.2d 265, 266 (11th Cir. 1985) (noting employer's burden to produce time records after employee has established she has not been paid the required wages).

Plaintiff has provided an affidavit, based on personal knowledge, indicating that he was employed by Jumbo Seafood from approximately January 6, 2012, through February 28, 2013, during which time he worked approximately 75 hours per week. ECF No. 31-1. Plaintiff claims that he was paid an hourly rate of $16.25 and was not paid overtime for hours worked in excess of forty

per week.  Plaintiff has also provided the Court with the affidavit of Defendant Kong Wang, an employee of Jumbo Seafood, who states that Plaintiff was compensated $2,600.00 per month, regardless of the number of hours Plaintiff worked.

Thus, Plaintiff is seeking the time-and-a-half rate for each of his overtime hours.  As Plaintiff claims that he earned $16.25 per hour, his overtime rate is $24.37.  The Court is satisfied that the affidavits provided by Plaintiff set forth sufficient detail to calculate his actual damages to be $17,911.95 (25 overtime hours[1] worked per week, multiplied by $24.37 per hour multiplied by a total of 29.4[2] weeks of employment).  An employer bears the burden of demonstrating that liquidated damages are not warranted, *see* 29 U.S.C. § 260, but Defendants have not properly appeared before the Court, nor have they shown in any way that liquidated damages should not be awarded.  Accordingly, Plaintiff is entitled to $17,911.95 in liquidated damages.

## Attorney's Fees and Costs

The FLSA mandates that a prevailing party — including a party who prevails by virtue of a defendant's default — be awarded reasonable attorney's fees and costs.  29 U.S.C. § 216(b).  *Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008).  Although Plaintiff states that he has incurred $1,200.00 in attorney's fees and $610.00 in costs, Plaintiff has provided no

---

[1] Although Plaintiff asserts that he worked an average of 75 hours per week—which would amount to 35 overtime hours—Plaintiff calculated and requested payment for his overtime hours using the figure of 25 hours per week in assessing his actual damages.  *See* ECF No. 31-1 at ¶ 7.  Thus, the Court uses Plaintiff's requested damages figure to determine Plaintiff's damages.

[2] In his affidavit, Plaintiff calculates that he is owed overtime wages for 52.2 weeks.  ECF No. 31-1 at ¶ 7.  This, however, is inconsistent with Plaintiff's assertion that he was employed by Defendants between August 6, 2012, and February 28, 2013.  Based on the dates of employment provided by Plaintiff, Plaintiff was employed for approximately 29.4 weeks.  Thus, the Court utilizes this number in calculating Plaintiff's FLSA overtime wages.

documentation in support of this calculation. Local Rule 7.3(a)(5), S.D. Fla., requires that motions for attorney's fees and costs provide "(A) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (B) the number of hours reasonably expended by each such timekeeper; (C) a description of the tasks done during those hours; and (D) the hourly rate(s) claimed for each timekeeper."  The motion must also "describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920." S.D. Fla. L. R. 7.3(a)(6). Without such documentation, the Court is unable to determine whether the attorney's fees and costs sought by Plaintiff are reasonable.  Thus, the Court declines to award Plaintiff such fees and costs at this time.  The Court will nonetheless permit Plaintiff to file an appropriate motion with the Court following entry of final judgment.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Judgment [ECF No. 31] is **GRANTED**;

2. Plaintiff is entitled to recover $17,911.95 in actual damages and $17,911.95 in liquidated damages from Defendant Jumbo Seafood;

3. Pursuant to Rule 58, Fed. R. Civ. P., the Court will separately enter an Order of Final Judgment;

4. Plaintiff has until **March 31, 2014,** to file his motion for attorneys' fees and costs.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 27th day of February 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record